# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No.:** 0:19-CV-62006

RYAN TURIZO,

    Plaintiff,

v.

PPF AMLI 5971 TOSCANA DRIVE, LP,

    Defendant.

_____/

## JOINT PLANNING & SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.B of the United States District Court for the Southern District of Florida, by and through the undersigned counsel, Plaintiff RYAN TURIZO and Defendant PPF AMLI 5971 TOSCANA DRIVE, LP (collectively, the "Parties"), hereby file this Joint Scheduling Report.

[*REMINDER OF PAGE INTENTIONALLY LEFT BLANK*]

**FED. R. CIV. P. 26(F)(3) DISCOVERY PLAN**

(A) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**:

The Parties do not believe any changes should be made to required disclosures.

(B) **The subjects on when discovery may be needed, when discovery should be completed, and when discovery should be conducted in phases or be limited to or focused on particular issues**:

The Parties anticipate taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules. The parties do not believe discovery should be conducted in phases or limited to particular issues.

(C) **Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced**:

The Parties will produce documents in paper or Adobe .PDF format.

(D) **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production– whether to ask the court to include their agreement in an order**:

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy. The parties will comply with the Court's rules governing redaction of account and social security numbers.

(E) **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**:

At this time, the Parties do not anticipate changes to the limitations to discovery. The parties reserve their rights to amend this response as necessary.

(F) **Any other orders the court should issue under Rule 26(c) or Rules 16(b) and (c)**:

None.

**LOCAL RULE 16.1(B)(2) CONFERENCE REPORT**

1. **The likelihood of settlement**:

   The Parties are actively engaged in settlement discussions.

2. **The likelihood of appearance in the action of additional parties**:

   The Parties currently do not anticipate the appearance of any additional plaintiffs, defendants, or any otherwise interested parties.

3. **Proposed limits on the time**:

   I.  Cutoff to join other parties and amend the pleadings: **10-25-2019**.

   II. Deadline for filing dispositive motions: **05-22-2020**.

   III. Deadline to complete discovery: **05-08-2020**.

4. **Proposals for the formulation and simplifications of issues**:

   The Parties agree to cooperate in trying to simplify the issues through discovery.

5. **The necessity or desirability of amendments to the pleadings**:

   At this time, Plaintiff does not anticipate amending the pleadings; however, to the extent necessary, any motion(s) to amend will be filed within the time frame set forth above. Plaintiff has already filed a First Amended Complaint to which Defendant's response is not yet due.

6. **The possibility of obtaining admissions of fact and documents to avoid unnecessary proof**:

   The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives and/or employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

7. **Suggestions of the avoidance of unnecessary proof and cumulative evidence**:

The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

8. **Suggestions on the advisability of referring matters to a Magistrate Judge or Master**:

    The Parties are open to referring certain matters to a Magistrate Judge Because of the first impression nature of the legal issues in the case, Defendants prefer disputes over substantive legal issues not be referred for initial review to the Magistrate Judge.

9. **Preliminary estimate of the time required for trial**:

    The Plaintiff believes that trial will take 3-5 days.

    The Defendant believes this case is appropriate for summary disposition, but in the event a trial is necessary, Defendant believes a trial will take 1-3 days.

10. **Requested date or dates for conferences before trial, a final pretrial conference and trial**:

    The Parties proposed the following dates:
    - (1) Final pretrial conference: August 03, 2020
    - (2) Two-week Trial Period: August 10, 2020

11. **Any other information that might be helpful to the Court**:

    Consent to Service by Email: Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree that discovery papers and other papers not required to be filed and served through the Court's CM/ECF system may be served by email through counsel.

    Defendant has filed a Notice of Related Action pursuant to L.R. 3.8. (Related case: *Turizo v. Camden Summit Partnership, L.P.,* Case No. 0:19-CV-62005-BB).

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED:   September 18, 2019

| | |
|---|---|
| /s/ Jibrael S. Hindi | /s/ Theresa L. Kitay |
| **JIBRAEL S. HINDI, ESQ.** | **THERESA L. KITAY** |
| Florida Bar No.: 118259 | E-mail:  tkitay@kitaylaw.net |
| E-mail:jibrael@jibraellaw.com | *Admitted pro hac vice* |
| THOMAS J. PATTI, ESQ. | Attorney at Law |
| Florida Bar No.: 118377 | P.O. Box 597 |
| E-mail:tom@jibraellaw.com | Oak Island, NC  28465 |
| The Law Offices of Jibrael S. Hindi | Phone: 910-250-1982 |
| 110 SE 6th Street, Suite 1744 | **RYAN RUFFNER McCAIN, ESQ.** |
| Fort Lauderdale, Florida 33301 | Florida Bar No.: 28117 |
| Phone: 954-907-1136 | E-mail: rmccain@barfieldpa.com |
| Fax:    855-529-9540 | BARFIELD MCCAIN PA |
| | 4241 Northlake Blvd., Suite B |
| COUNSEL FOR PLAINTIFF | Palm Beach Gardens, FL 33410 |
| | Phone: 561-650-8139 |
| | Fax:    561-650-8146 |
| | |
| | COUNSEL FOR DEFENSE |